IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT STONEROCK,                    :

        Petitioner,                   Case No. 3:02-cr-005-1

      v.                              :          3:12-cv-157

UNITED STATES OF AMERICA,            JUDGE WALTER H. RICE

        Respondent.                   :

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN
PART UNITED STATES MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (DOC. #293); SUSTAINING IN PART AND
OVERRULING IN PART PETITIONER'S OBJECTIONS THERETO (DOC.
#294); SUSTAINING IN PART AND OVERRULING IN PART
PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 (DOC. #274); DISMISSING
WITH PREJUDICE FIRST, THIRD AND FOURTH GROUNDS FOR
RELIEF; SUSTAINING IN PART AND OVERRULING IN PART
PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING (DOC.
#276); SUSTAINING PETITIONER'S MOTION FOR APPOINTMENT OF
COUNSEL (DOC. #277) FOR THE LIMITED PURPOSE OF
REPRESENTING PETITIONER ON HIS SECOND GROUND FOR RELIEF
AND AT THAT EVIDENTIARY HEARING; REFERRING THE MATTER
TO MAGISTRATE JUDGE OVINGTON FOR AN EVIDENTIARY
HEARING ON PETITIONER'S SECOND GROUND FOR RELIEF;
OVERRULING WITHOUT PREJUDICE, PETITIONER'S MOTION FOR
PRODUCTION OF DOCUMENTS (EX. B. TO DOC. #274);
OVERRULING PETITIONER'S MOTION FOR DISQUALIFICATION OF
PROSECUTOR (DOC. #275); OVERRULING AS MOOT PETITIONER'S
MOTION TO ORDER GOVERNMENT'S ANSWER (DOC. #290);
OVERRULING AS MOOT PETITIONER'S MOTION TO EXPAND
RECORD (DOC. #295); OVERRULING PETITIONER'S MOTION TO
PLACE § 2255 ACTION UNDER SEAL (DOC. #296)

On February 26, 2013, Magistrate Judge Ovington issued a Report and Recommendations, Doc. #293, making the following recommendations:

1. Stonerock's Pro Se Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence (Doc. # 274) be DENIED IN PART and that his first, third, and fourth grounds for relief be DISMISSED;

2. Stonerock's Motion for Evidentiary Hearing (Doc. #276) be GRANTED IN PART and his third [sic] ground for relief be set for an evidentiary hearing; Stonerock's Motion for Evidentiary Hearing (Doc. #276) be DENIED in remaining part;

3. Stonerock's Motion for Appointment of Counsel (Doc. #277) be GRANTED for the limited purpose of appointing counsel to represent Stonerock on his third [sic] ground for relief and at the evidentiary hearing;

4. Stonerock's Motion for Production of Documents (Doc. # 274, PageID at 1818) be DENIED without prejudice to renewal, if warranted, by Stonerock's appointed counsel;

5. Stonerock's remaining Motions (Doc. #s 275, 290) be DENIED as meritless.

Doc. #293, at 19-20.

This matter is currently before the Court on Petitioner's Objections to the Report and Recommendations, Doc. #294.  He has raised three Objections.


I.    **Objections**

   A.    **Typographical Errors**

Petitioner first objects to typographical errors in the Report and Recommendations.  He notes that the recommendations contained in paragraphs two and three, as quoted above, grant his requested relief with respect to his

"third ground for relief." The substance of the Report and Recommendations, however, makes it clear that relief is to be granted only as to the *second* ground for relief. The Court SUSTAINS Petitioner's Objections concerning the typographical errors.

**B.    Ground One**

Petitioner next objects to the Magistrate Judge's recommendation to dismiss Ground One of his § 2255 motion, concerning the Government's alleged racial discrimination in refusing to file a motion for downward departure under § 5K1.1 of the United States Sentencing Guidelines. Based on the reasoning and citations of authority set forth in the Report and Recommendations, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS the Report and Recommendations, Doc. #293, and OVERRULES Petitioner's Objection, Doc. #294, with respect to Ground One. The Court DISMISSES Ground One of the § 2255 Motion WITH PREJUDICE.

**C.    Grounds Three and Four**

Finally, Petitioner objects to the Magistrate Judge's recommendation to dismiss Grounds Three and Four of his §2255 motion as procedurally defaulted. By way of background, Petitioner was subject to a mandatory minimum sentence of 120 months. At the time of sentencing, Petitioner had two criminal history points, based on prior convictions for reckless assault and trafficking in marijuana. In addition, he possessed a firearm in connection with the offense for which he

3

was being sentenced. Accordingly, for both of these reasons, the Court found that the safety-valve provision set forth in 18 U.S.C. § 3553(f) did not apply.

In Grounds Three and Four of the § 2255 Motion, Petitioner challenges the Court's refusal to apply the safety-valve provision. In support, he relies on *Curachari-Rosendo*, 130 S.Ct. 2577 (2010), and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), two cases decided after Petitioner was initially sentenced.

*Curachari-Rosendo* was an immigration case. At issue was whether the petitioner's second state conviction for simple drug possession, for which petitioner had received a 10-day sentence, constituted an "aggravated felony," *i.e.*, one punishable as a felony under federal law, so as to preclude cancellation of removal. The Supreme Court held that even though, if convicted under federal law, the petitioner *could have been* prosecuted as a recidivist and received a 2-year sentence, this was insufficient. The petitioner had to "have been *actually convicted* of a crime that is itself punishable as a felony under federal law." *Id.* at 2589 (emphasis in original).

In *Simmons*, the Fourth Circuit extended the holding of *Curachari-Rosendo* to the criminal context. Under North Carolina law, possession with intent to distribute no more than ten pounds of marijuana is a felony, punishable by more than one year in prison, but *only if*: (1) there are aggravating factors; and (2) the defendant has fourteen or more criminal history points. 649 F.2d at 240-41. In Simmons' case, neither condition was satisfied with respect to his prior state

4

conviction. Under these circumstances, the court held that the prior conviction could not constitute a predicate "felony drug offense," *i.e.*, punishable by imprisonment of more than one year, triggering the mandatory minimum sentences in the Controlled Substances Act. In other words, a hypothetical enhancement cannot serve as the basis for an enhanced sentence. The defendant must have been both charged and convicted of an aggravated offense. *Id.* at 244.

In this case, Petitioner argues that retroactive application of *Curachari-Rosendo* and *Simmons* would result in a finding that his prior convictions, neither of which resulted in a sentence exceeding one year imprisonment, should not have been counted for purposes of "enhancing" his sentence under the Controlled Substances Act. He maintains that retroactive application of these cases would reduce his criminal history points to one point at the most, making him eligible for the safety-valve provision.

Magistrate Judge Ovington found that Grounds 3 and 4 were procedurally defaulted, and that Petitioner had failed to show cause or prejudice for the procedural default. She acknowledged that Petitioner could not have raised these arguments at his original sentencing hearing since *Curachari-Rosendo* had not yet been decided. She noted, however, that *Curachari-Rosendo* was decided more than 4 months before the Court of Appeals issued its decision on his first direct appeal. She also found that there was no excuse for his failure to raise the claims at his resentencing hearing or on direct appeal following resentencing.

5

Petitioner objects to these findings.  He argues that he did not raise these claims on his first direct appeal because he is not permitted to raise issues for the first time on appeal that had not been argued below, and it was not yet clear whether *Curachari-Rosendo* would apply retroactively.  He further argues that he could not have raised these claims at his resentencing hearing or on direct appeal from that amended judgment because the scope of the resentencing hearing on remand was strictly limited to the question of whether the 2-point firearm enhancement applied.  Petitioner maintains that this constitutes cause for the procedural default.

On a related note, Petitioner has moved the Court, pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings, to expand the record to include transcripts of his sentencing hearings.  Those transcripts, however, are already part of the record of this case.  The Court therefore OVERRULES AS MOOT Petitioner's Motion to Expand Record.  Doc. #295.

The Court also OVERRULES AS MOOT Petitioner's Objection with respect to the Magistrate Judge's finding that Petitioner failed to demonstrate cause for the procedural default.  Even assuming that Petitioner had demonstrated cause for the procedural default, he has failed to demonstrate actual prejudice*.*

First, the holdings in *Curachari-Rosendo* and *Simmons* are simply irrelevant to a determination of criminal history points and eligibility for the safety-valve provision.  Under the United States Sentencing Guidelines, criminal history points are calculated based on the *length* and *type* of sentence imposed.  *See* U.S.S.G.

6

§§ 4A1.1 and 4A1.2.  As a general rule, it does not matter whether the conviction would have been punishable as a felony or misdemeanor under federal law.  Nor does it matter what the statutory maximum penalty is for the crimes of conviction.

Second, even if *Curachari-Rosendo* were relevant to a determination of criminal history points, Petitioner has not shown that *Curachari-Rosendo* applies retroactively to cases on collateral review.  The one circuit court that has addressed the issue in a published opinion has held that it does not apply retroactively.  *See United States v. Powell*, 691 F.3d 554, 559-60 (4th Cir. 2012). *See also Trice Bey v. Warden,* No. 12-13974, 2013 WL 828094, at *1 (11th Cir. March 7, 2013) (noting that, in denying an application to file a successive § 2255 motion, it had "explained that the Supreme Court did not make *Curachari-Rosendo* retroactive to cases on collateral review"); *Shaeffer v. United States*, No. 1:11-cv-155, No. 1:07-cr-146, 2012 WL 1598061, at **3-4 (E.D. Tenn. May 7, 2012) (refusing to find that *Curachari-Rosendo* applied retroactively to cases on collateral review); *Snipes v. Unites States*, No. 2:08-cv-269, No. 2:03-cr-70, 2012 WL 1071190, at *7 (E.D. Tenn. March 29, 2012) ("*Curachari-Rosendo* does not apply to cases on collateral review").

In short, even if *Curachari-Rosendo* applied retroactively to cases on collateral review, it does not affect how criminal history points are calculated. Given that Petitioner has two criminal history points, he is not eligible for the safety valve provision.

7

For these reasons, even if Petitioner could establish cause for the procedural default, he cannot establish actual prejudice. The Court therefore DISMISSES Grounds Three and Four of the § 2255 Motion WITH PREJUDICE.

## II.    Ground Two

Not surprisingly, Petitioner has not objected to Magistrate Judge Ovington's recommendations concerning Ground Two of the § 2255 Motion. Based on the reasoning and citations of authority set forth by the Magistrate Judge in the Report and Recommendations, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS the Report and Recommendations (Doc. #293) with respect to Ground Two.

Accordingly, Petitioner's Motion for Evidentiary Hearing (Doc. # 276) is SUSTAINED IN PART and DENIED IN PART. The Court REFERS this matter to Magistrate Judge Ovington for an evidentiary hearing limited in scope to Ground Two of the § 2255 Motion. Petitioner's Motion for Appointment of Counsel (Doc. #277) is also SUSTAINED IN PART and DENIED IN PART. Counsel shall be appointed for the limited purpose of representing Petitioner on Ground Two and at the evidentiary hearing.

## III.   Miscellaneous Pending Motions

As recommended by Magistrate Judge Ovington, the Court also OVERRULES WITHOUT PREJUDICE Petitioner's Motion for Production of Documents. Ex. B to

8

Doc. #274. Said motion may be refiled by Petitioner's appointed counsel, if warranted.

As recommended by Magistrate Judge Ovington, the Court also OVERRULES Petitioner's Motion for Disqualification of Prosecutor, Doc. # 275, particularly in light of the fact that Ground One has been dismissed. The Court also OVERRULES AS MOOT Petitioner's Motion to Order Government's Answer, Doc. #290. The Government, having been granted an additional extension of time until September 10, 2012, *see* Doc. #286, filed its Response to Petitioner's § 2255 Motion, Doc. #289, two weeks before Petitioner filed his Motion to Order Government's Answer.

In addition, Petitioner has filed a Motion to Place 2255 Under Seal. Doc. #296. Citing only to "sensitivity," he asks the Court to seal all of his § 2255 proceedings. Petitioner has failed to demonstrate that the circumstances of this case warrant sealing the entire record.

Date: March 29, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

9